[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10129
Non-Argument Calendar

_____

D. C. Docket No. 06-00063-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLPH COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 20, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Rudolph Coleman appeals his criminal convictions on 66 counts of mail fraud and social security fraud under 18 U.S.C. § 1341 and 42 U.S.C. § 408(a)(4).[1] He argues that the district court improperly denied his request to continue the trial proceedings and thereby violated his Sixth Amendment right to counsel of his choice. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Coleman in February 2006. Akil Secret filed a notice of appearance on Coleman's behalf in March 2006 and the district court scheduled trial for 8 May 2006. On May 1, Coleman's attorney moved for a continuance and the court reset Coleman's trial for 15 May 2006. For reasons not clear from the record, the district court did not hear Coleman's case on this date. Instead, on 23 May 2006, a second attorney, R. Gary Spencer, filed a notice of appearance on Coleman's behalf. On June 26 the district court allowed Coleman's first lawyer, Secret, to withdraw from the case.

Spencer filed a second motion to continue on Coleman's behalf, which was

---

[1] Although Coleman has completed the custodial portion of his sentence, he is currently serving the supervised release portion of his sentence. Thus, his appeal is not moot. See United States v. Page, 69 F.3d 482, 488 n.4 (11th Cir. 1995).

unopposed by the government and granted by the district court. The district court first reset the trial date for 17 July 2006, then, to better fit Spencer's schedule, the district court set trial for 18 September 2006.

On the first day of trial, Coleman, through counsel, moved to continue the trial to allow him to terminate Spencer's representation and seek a third attorney to represent him. After the government's attorneys were removed from the courtroom, Coleman indicated that he needed a continuance for a "couple of days," and stated that he wanted replacement counsel because he did not trust Spencer. R2 at 5. Coleman's distrust stemmed from an incident that occurred Friday, 8 September 2006 when Spencer invited the government attorneys to a meeting to discuss a plea deal without first notifying Coleman. The government's attendance at the meeting apparently surprised Coleman and led him to distrust Spencer. Coleman then told the district court that he had spoken to a different attorney the morning of trial about representing him, but that the attorney was in a meeting and could not come to court. Coleman had not paid that attorney to represent him, nor had that attorney contacted the court clerk about the possibility of representing Coleman. Spencer, however, indicated that he was ready for trial to begin that morning.

The district court denied Coleman's motion to continue, and the case

proceeded to trial that same day. The district court provided the following reasons for its denial of Coleman's motion: (a) Coleman or his attorney had successfully moved to have his trial continued on two prior occasions, R2 at 4; (b) the court already had permitted one of Coleman's attorneys to withdraw, id.; (c) a new attorney would need more than a couple of days to familiarize himself with the case and to prepare for trial, id. at 5; (d) Spencer indicated that he was ready for trial, id. at 6-7; (e) Coleman had not paid the other attorney to represent him, nor had that attorney contacted the court clerk or the court's chambers about representing him, id. at 7; (f) other defendants had "made a practice" of firing their attorneys immediately before trial in order to have their trials postponed, id. at 8; (g) Coleman had the option of representing himself or having his choice for replacement counsel participate at any time during the trial proceedings, id.; (h) Spencer did not divulge any information to the government at the meeting that could have prejudiced Coleman's defense, id. at 13; and (i) Coleman had not provided a sufficient reason for the court to continue the case or to discharge Spencer, id. at 10.

## II. DISCUSSION

"We review a district court's denial of [a motion for] trial continuance for abuse of discretion." United States v. Baker, 432 F.3d 1189, 1248 (11th Cir.

4

2005). The Sixth Amendment right to counsel of choice is not inexorable. United States v. Gonzalez-Lopez, __ U.S. at __, 126 S.Ct. 2557, 2565-66 (2006); Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616 (1983). Thus, a denial of a continuance request will not always amount to a Sixth Amendment violation of a paying defendant's choice of counsel. Baker, 432 F.3d at 1248 (citing Ungar v. Sarafite, 376 U.S. 575, 589-91, 84 S.Ct. 841, 849-50 (1964)). A court may limit a defendant's right to counsel of his choice for many reasons including "the demands of its calendar," or "fairness." Gonzalez-Lopez, __ U.S. at __, 126 S.Ct. at 2565-66.

The district court, in exercising its discretion, must balance a defendant's right to adequate representation against the overall interest in the efficient administration of justice. Baker, 432 F.3d at 1248. "Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." Morris, 461 U.S. at 11-12, 103 S.Ct. at 1616. (internal citations and quotation marks excluded). A defendant is guaranteed only a "fair or reasonable opportunity to select the attorney of [his] choice." Baker, 432 F.3d at 1248. An appellate court, when reviewing whether the denial of a continuance violated a defendant's "fair or

5

reasonable opportunity" to choose counsel, should consider the following factors:

> (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.

Id. (internal quotations omitted) (citing United States v. Bowe, 221 F.3d 1183, 1190 (11th Cir. 2000)).

Analysis of the factors listed above weighs in favor of the soundness of the district court's exercise of discretion and against Coleman's claim. First, the length of delay necessary to allow a new attorney to familiarize himself with the facts of the case and Coleman's defense would not have been a matter of days, but a matter of weeks. Second, the counsel of record, Spencer, was available and ready to try the case on 18 September 2006. Third, the district court had already granted two of Coleman's attorneys' continuance requests in the past and the scheduled trial date had already slipped four months, from 8 May 2006 to 18 September 2006. Fourth, a continuance on the morning of trial would have inconvenienced the court, its docket, the citizens called for jury duty, and all of the witnesses, three of whom had come from out of state; two from South Carolina and one from Indiana. Fifth, Coleman's reason for distrusting Spencer, while apparently sincerely held at the time, does not raise procedural concerns or worries

6

about Coleman's adequate representation at trial.

Coleman argues that <u>United States v. Gonzalez-Lopez,</u> __ U.S. at __, 126 S.Ct. 2557 (2006), should control our analysis. <u>Gonzalez-Lopez</u> concerned "a trial court's <u>erroneous</u> deprivation of a criminal defendant's choice of counsel." <u>Id.</u> at 2560 (emphasis added). In that case the government conceded that the district court incorrectly deprived the defendant of his counsel of choice. <u>Id.</u> at 2561, 2563. Accordingly, before Coleman can take advantage of the remedy outlined in <u>Gonzalez-Lopez</u>, he must first show that the district court erroneously denied the defendant his choice of counsel. <u>United States v. Zangwill</u>, 197 Fed. Appx. 888, 891 n.1 (11th Cir. 2006) (per curiam). The government has not conceded that the district court erred in this case, and according to our review of the record, the district court did not erroneously deprive Coleman of his counsel of choice by denying his continuance motion.

### III. CONCLUSION

Coleman appeals his conviction on the grounds that the district court denied his Sixth Amendment right to counsel of his choice. After considering the factors outlined in <u>Baker</u> we conclude that the district court did not abuse its discretion in denying Coleman's motion to continue the trial proceedings, and, consequently, that it did not violate Coleman's right to counsel of his choice. Accordingly, we

AFFIRM Coleman's convictions.

**AFFIRMED.**